United States District Court
Southern District of Texas
**ENTERED**
July 13, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| LEOBARDO ARRES-GONZALEZ, | § | |
|    Petitioner | § | |
| | § | |
| v. | § | Civil Action No. 1:21-cv-189 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|    Respondent | § | |

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

The Court is in receipt of Leobardo Arres-Gonzalez's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" and his corresponding "Memorandum Brief in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" (hereinafter, collectively, Arres-Gonzalez's "§ 2255 Motion" or "Motion"). Dkt. Nos. 1, 2. The Court is also in receipt of Respondent United States of America's "Motion for Summary Judgment and Memorandum in Response to Arres-Gonzalez'[s] § 2255 Motion" (hereinafter, Respondent's "Motion for Summary Judgment" or "Motion"). Dkt. No. 14. For the reasons provided below, it is recommended that the Court: (1) **GRANT** Respondent's Motion; (2) **DISMISS WITH PREJUDICE** Arres-Gonzalez's Motion; (3) **DECLINE** to issue a certificate of appealability; and (4) **DIRECT** the Clerk of Court to close this case.

### I. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2255.

## II.    Background and Procedural History

On November 13, 2019, Arres-Gonzalez pleaded guilty to one count of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(1). *See United States of America v. Leobardo Arres-Gonzalez*, No. 1:19-CR-829-1, CR Dkt. Nos. 6, 18.[1] Arres-Gonzalez was previously convicted for illegal reentry on January 28, 2016. *Id.* On February 5, 2020, United States District Judge Rolando Olvera sentenced Arres-Gonzalez to 78 months of imprisonment. CR Dkt. No. 31.[2] Judgment was entered on February 21, 2020. *Id.*

On February 25, 2020, Arres-Gonzalez filed a notice of appeal. Arres-Gonzalez's counsel, Michael Sokolow, filed appellate briefs in both criminal cases pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). *See* CR Dkt. Nos. 43, 57 (Order of the Court of Appeals for the Fifth Circuit, confirming the submission of Sokolow's Anders Briefs). Sokolow stated that a review of the relevant facts and law revealed that Arres-Gonzalez's appeals presented "no nonfrivolous issues for appellate review." *Id.* The Fifth Circuit agreed and dismissed Arres-Gonzalez's appeals on July 20, 2021 and July 22, 2021. *Id.*; *United States v. Arres-Gonzalez*, 853 F. App'x 956 (5th Cir. 2021); *United States v. Arres-Gonzalez*, 853 F. App'x 988 (5th Cir. 2021).

Arres-Gonzalez filed the instant § 2255 Motion on November 29, 2021. Dkt. No. 1. In his Motion, Arres-Gonzalez raises two distinct grounds for relief before this Court. *Id.* at 4-7. Specifically, he asserts the following claims:

---

[1] Hereinafter, Arres-Gonzalez's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their criminal case docket entry number.
[2] Judge Olvera also sentenced Arres-Gonzalez to 21 months of imprisonment to run concurrently on the Motion to Revoke his Supervised Release. *See United States of America v. Leobardo Arres-Gonzalez*, No. 4:15-CR-414-1, CR Dkt. No. 45.

(1) Arres-Gonzalez's trial counsel provided ineffective assistance by failing to argue for a downward departure based on his status as a deportable alien and appellate counsel was ineffective in not appealing the issue; and

(2) 8 U.S.C. § 1326 and 18 U.S.C § 3624(c) are unconstitutional.

*Id.*

### III. Legal Standards

**A. 28 U.S.C. § 2255**. Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Courts should construe a pro se petitioner's pleadings liberally and hold such pleadings to less stringent standards. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). If the record is adequate to dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990). A district court may deny a § 2255 motion without an evidentiary hearing "only if

the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

**B. FED. R. CIV. P. 56**. The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 56(a). In pertinent part, Rule 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). District courts considering motions for summary judgment in ordinary civil cases are required to construe the facts in the case in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255. Nevertheless, Rule 56's application in the federal habeas context differs from its application in "the average civil case." *Torres v. Thaler*, 395 F. App'x 101, 106 (5th Cir. 2010) (unpublished) (citing *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004)). As the Fifth Circuit has explained:

> the rule applies only to the extent that it does not conflict with the habeas rules. Therefore, § 2254(e)(1)-which mandates that findings of fact made by a state court are "presumed to be correct"— overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.

*Cockrell*, 311 F.3d at 668.

  **C. Ineffective Assistance of Counsel.** The "Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against him. *Missouri v. Frye*, 566 U.S. 134, 140 (2012) (citing *Montejo v. Louisiana*, 566 U.S. 778, 786 (2009)). Critical stages include not only trial, but also pretrial proceedings, including the plea-bargaining process. *See Lafler v. Cooper*, 566 U.S. 156 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

  In *Strickland v. Washington*, the Supreme Court held that in order to succeed on an ineffective assistance claim, a defendant must show both: (1) that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense," and shows "errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts need not address both inquiries if the defendant does not sufficiently support one prong, nor must the court address the test in the same order. *Id.* at 697. Under this standard, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687; *Williams*, 529 U.S. 362, 390–91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 687–91; *Jones v. Cain*, 227 F.3d 228, 230 (5th Cir. 2000).

The sufficiency of counsel's representation may be determined, and indeed substantially influenced, by the defendant's own statements and actions. *Strickland*, 466 U.S. at 691. As stated by the Supreme Court, an attorney's actions are usually based on information supplied by the defendant, and, for example, investigative decisions or potential lines of defense are followed based upon what the client said. *Id.* Counsel's conversations with the defendant may, then, be critical to properly assessing his actions during litigation. *Id.* A defendant establishes a violation of his Sixth Amendment rights when he shows that his counsel's performance was deficient, and that he suffered prejudice as a result. *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012) (citing *Strickland*, 466 U.S. at 687).

In reviewing counsel's performance, the Court must be "highly deferential," making every effort "to eliminate the distorting effects of hindsight," and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Id.* Therefore, to establish prejudice, the convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 669.

A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Williams*, 529 U.S. at 391; *Strickland*, 466 U.S. at 694. The prejudice prong of *Strickland*, then, focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the

defendant of any substantive or procedural right to which the law entitles him." *Williams*, 529 U.S. at 393 n. 17; *Strickland*, 466 U.S. at 692.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under the test will ordinarily make it unnecessary to examine the other prong. *See Strickland*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229–30 (5th Cir. 1987). It is also generally unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986).

## IV. Discussion

### A. Ineffective Assistance of Counsel

Arres-Gonzalez claims that his trial attorney was ineffective by failing to argue for a downward departure based on his status as a deportable alien and appellate counsel was ineffective in not appealing the issue. Dkt. No. 2 at 4-9. Arres-Gonzalez cites a single case, *United States v. Thomas*, 999 F.3d 723 (D.C. Cir. 2021), out of the District of Columbia Circuit Court of Appeals in support of his argument. *Id.*

For the reasons provided below, Arres-Gonzalez fails to show that counsel provided ineffective assistance of counsel. Arres-Gonzalez's claim is premised on the contention that counsel is obligated to argue for a downward departure based on his

status as a deportable alien. The sentencing guidelines provide that a downward departure based on the defendant's deportable alien status, while permissible, is proper only in the extraordinary case, and such cases are considered "highly infrequent." *See United States v. Garay*, 235 F.3d 230, 232-33 & n.8 (5th Cir. 2000); *see also United States v. Nnanna*, 7 F.3d 420, 422 (5th Cir. 1993) (a bank robbery case in which the court held that "[c]ollateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment, that an alien may incur following a federal conviction are not a basis for downward departure"). Counsel cannot be ineffective for failing to raise a meritless claim. *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).

Moreover, in cases involving an immigration offense a defendant's alienage has been adequately taken into consideration; thus, it is not a permissible basis for downward departure. *Garay*, 235 F.3d at 233–34 (defendant's "status as deportable alien, as an inherent element of his crime, has already been considered by the [Sentencing] Commission in formulating the applicable guidelines"); *see also United States v. Maldonado*, 242 F.3d 1, 4–5 (1st Cir. 2001) ("a deportable alien who commits a crime is still within the 'heartland' of the guidelines"; "the common facts of a long sentence and likely deportation" do not by themselves make a case extraordinary such as to warrant a downward departure).

Critically, Arres-Gonzalez has not produced evidence indicating that: (1) his counsel provided him with ineffective assistance of counsel by failing to argue for a downward departure or present the issue on appeal; or (2) he was prejudiced by their alleged ineffectiveness. *United States v. Foote*, 2001 U.S. Dist. LEXIS 12907, 2001 WL 671465, *3-*4 (N.D. Tex. 2001) (rejecting argument by § 2255 movant that his counsel

should have moved for downward departure). Having created no material question of fact, Arres-Gonzalez's first claim should be dismissed.

### B.  8 U.S.C. § 1326

Arres-Gonzalez argues that 8 U.S.C. § 1326 violates the Equal Protection Clause because the statute was enacted with a discriminatory purpose. Dkt. No. 2 at 9-11. Respondent disagrees; it argues that rational basis review applies because the statute is an immigration law and the differential treatment of those who lawfully enter the country and those who unlawfully enter is rational. Dkt. No. 14 at 27-34.

District courts in the Fifth Circuit have previously rejected the same argument raised by Arres-Gonzalez. *United States v. Barcenas-Rumualdo*, No. 3:20-cr-1849 (W.D. Tex. 2021); *Ortiz-Beltran v. United States*, No. 7:21-cv-325 (S.D. Tex. 2022). The district courts that have addressed this issue differ as to whether this statute, a criminal immigration law, is reviewed under the *Arlington Heights* or rational basis standard. *Compare, e.g., United States v. Rios-Montano,* No. 19-CR-2123-GPC, 2020 U.S. Dist. LEXIS 230122, 2020 WL 7226441, at \*2 (S.D. Cal. 2020) (applying *Arlington Heights* because "[a] criminal immigration statute passed by Congress is not insulated from scrutiny because the defendant seeks to prove the equal protection violation through a racially discriminatory Congressional motive rather than a facial classification on the basis of race"), and *United States v. Gutierrez-Barba*, No. CR1901224001PHXDJH, 2021 U.S. Dist. LEXIS 99844, 2021 WL 2138801, at \*2 (D. Ariz. 2021) ("[W]here federal interests predominate, as in the immigration area, judicial scrutiny is relaxed to a "rational basis" standard.").

Because Arres-Gonzalez has failed to show that 8 U.S.C. § 1326 was enacted with a discriminatory motive, the Court analyzes the statute applying the rational basis

standard. *United States v. Hernandez-Lopez*, 583 F. Supp. 3d 815, 823 (S.D. Tex. 2022). The challenged law, then, must be upheld if it is "rationally related to a legitimate government purpose." *United States v. Ramos*, 858 F. App'x 759, 761 (5th Cir. 2021). The Court finds that 8 U.S.C. § 1326 is rationally related to the legitimate government interest in preventing the reentry of those with previous immigration law violations. This purpose was articulated in the congressional debate surrounding the 1990 reenactment of 8 U.S.C. § 1326. 136 Cong. Rec. 36844 (Oct. 27, 1990) (explaining that the immigration legislation would "not disturb the basic reasons for which we have always, and will always, exclude aliens:" including those who "have previously violated U.S. Immigration laws"). Arres-Gonzalez's second claim, then, should be dismissed.

### C. 18 U.S.C. § 3624(c)

Arres-Gonzalez argues that 18 U.S.C § 3624(c) violates the Equal Protection Clause, as it permits the Bureau of Prisons to exclude him from rehabilitation programs which impact his date of release. Dkt. No. 2 at 11-12. Further, Arres-Gonzalez argues that the statute is unconstitutional because non-U.S. citizens are ineligible for its benefits. *Id.* He contends that his ineligibility to participate in these programs effectively deny him a reduction in sentence and, an earlier release date.

A claim challenging the Bureau of Prisons' determination of which prisoners may participate in various programs is properly raised under 28 U.S.C. § 2241, not 28 U.S.C. § 2255. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012). A claim attacking the execution of a sentence is cognizable solely under 28 U.S.C. § 2241. *Frees v. Maye*, 441 Fed. Appx. 285, **3 (5th Cir. 2011) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). However, § 2255 is limited to claims arising from the imposition of a sentence, not those attacking the execution of that

sentence. *Sanchez v. United States*, 2020 U.S. Dist. LEXIS 182097, *5 (S.D. Tex. 2020). For § 2241 claims, the proper venue is the district in which the prisoner is incarcerated. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (quoting *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). Arres-Gonzalez is incarcerated in the Victorville Federal Correctional Institution in San Bernardino County, which is the Central District of California. *See* https://www.bop.gov/inmateloc/. This Court, then, lacks subject matter jurisdiction and Arres-Gonzalez's claim should be dismissed.

## V.     Evidentiary Hearing

Arres-Gonzalez is not entitled to relief based on any of the claims raised in his Motion. He is also not entitled to an evidentiary hearing. *See United States v.* Hughes, 635 F.2d 449, 451 (5th Cir. 1981) ("When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary holding."); *United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009) ("If, on the record before us, we can conclude as a matter of law that [the movant] cannot establish one or both of the elements necessary to establish [her] constitutional claim [for ineffective of counsel], then an evidentiary hearing is not necessary[.]") (internal citation omitted). Arres-Gonzalez's Motion, then, should be dismissed without the necessity of an evidentiary hearing.

## VI.     Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires "showing that reasonable jurist could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Said differently, where claims have been dismissed on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Where claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Arres-Gonzalez has not made a substantial showing of the denial of a constitutional right.

## VII.   Recommendation

It is recommended that the Court: (1) **GRANT** Respondent's Motion; (2) **DISMISS WITH PREJUDICE** Arres-Gonzalez's Motion; (3) **DECLINE** to issue a certificate of appealability; and (4) **DIRECT** the Clerk of Court to close this case.

## VIII.   Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), superseded by statute on other grounds; 28 U.S.C. § 636(b)(1).

      **SIGNED** on this **13th** day of **July, 2023**, at Brownsville, Texas.

                                             **Ignacio Torteya, III**
                                             **United States Magistrate Judge**